# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

NATHAN MANLEY,

    *Plaintiff,*

vs.

BRIAN BELLENDIR, individually and in his official capacity as Sheriff of Barton County, KS; and THE BOARD OF COUNTY COMMISSIONERS OF BARTON COUNTY KANSAS

    *Defendants.*

Case No. 6:18-CV-01220-EFM-TJJ

## MEMORANDUM AND ORDER

Plaintiff Nathan Manley brings a claim for excessive force against Defendant Brian Bellendir individually and in his official capacity as Sheriff of Barton County, Kansas and against Defendant Board of County Commissioners of Barton County, Kansas. Defendants have filed a Motion to Dismiss for Failure to Provide Discovery (Doc. 45) pursuant to Federal Rule of Civil Procedure 37(d)(1)(A)(i) and (ii). For the following reasons, the Court denies Defendants' motion.

### I.    Factual and Procedural Background

On August 8, 2018, Plaintiff, represented by counsel, filed the present suit. Defendants subsequently filed an Answer and Motion for Judgment on the Pleadings. During a status conference on February 6, 2019, the Court granted Defendants' motion to stay discovery pending

ruling on Defendants' Motion for Judgment on the Pleadings stating, "If and when the stay is lifted, the Court will set a scheduling conference to discuss case deadlines."[1]  Subsequently, Plaintiff filed an amended complaint.

On June 26, 2019, Plaintiff's attorney was indefinitely suspended from law practice and withdrew from the case.  Continuing pro se and in state custody, Plaintiff moved for an extension to respond to Defendants' second Motion for Judgment on the Pleadings.  The Court extended Plaintiff's response deadline, instructing that "[n]o further continuances will be allowed absent extenuating showing of necessity."[2]  During this time, Plaintiff was transferred from Saline County Jail to Larned Correctional Mental Health Facility ("LCMHF") and failed to immediately update his address with the Court.  On July 30, the Court denied as moot Defendants' initial Motion for Judgment on the Pleadings and granted in part and denied in part Defendants' Motion for Judgment on the Pleadings regarding the Amended Complaint.

The Court received a change of address notice from Plaintiff on August 1, listing his current address as LCMHF and noting his prison release date as August 24.  On August 12, Defendants served a discovery request requiring Plaintiff to respond by September 11.  When Plaintiff failed to respond, Defendants sent a letter to Plaintiff on September 13 regarding the discovery request and attempted to call Plaintiff using the number for LCHFC to no avail, as Plaintiff had presumably been released.  On September 11, Defendants served Plaintiff with a deposition notice for September 26.  Plaintiff did not appear for the deposition.  The same day, Defendants filed this motion seeking dismissal for failure to provide discovery.  On October 15, Michaela Shelton filed

---

[1] Doc. 22.

[2] Doc. 38.

an Entry of Appearance for representation of Plaintiff and timely filed a response to Defendants' motion.

## II. Legal Standard

Rule 37(d) of the Federal Rules of Civil Procedure allows the Court to order sanctions if a party fails to appear for a deposition "after being served with proper notice" or fails to respond to properly served interrogatories.[3] To determine whether dismissal is an appropriate sanction, the Court exercises wide discretion and must consider the following factors:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.[4]

Dismissal as a sanction is only appropriate in cases of willful misconduct "when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits."[5] "If a party appears pro se, the court should carefully assess whether it might appropriately impose some sanction other than dismissal, so that the party does not unknowingly lose its right of access to the courts because of a technical violation."[6]

## III. Analysis

The Court must determine whether dismissal is an appropriate sanction for Plaintiff's failure to provide discovery using the five factors from *Ehrenhaus*. First, the degree of actual prejudice to Defendants is small, only slightly weighing in favor of dismissal. Defendants have

---

[3] Fed. R. Civ. P. 37(d)(1)(A)(i).

[4] *Ellsworth v. Gibson*, 164 F. App'x 782, 784 (10th Cir. 2006) (citing *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992)).

[5] *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920–21 (10th Cir. 1992).

[6] *Ellsworth*, 164 F. App'x at 784 (10th Cir. 2006) (quotation and citation omitted).

invested resources into preparing for and showing up for the deposition; however, at this point in the proceedings, Plaintiff's level of non-compliance has not substantially diminished Defendants' ability to defend their case. Similarly, regarding the second factor, the level of interference with the judicial process is minimal. Although Plaintiff's failure to respond to Defendants' discovery requests have delayed proceedings, such delay is not significant. Additionally, Plaintiff's new representation will likely prevent further lack of compliance, as demonstrated by Plaintiff's timely response to Defendants' current motion.

The third factor, the plaintiff's culpability, is neutral. Parties proceeding pro se must adhere to the "fundamental requirements" of the Federal Rules of Civil Procedure.[7] Defendants claim they received communication from two attorneys that had been contacted about representing Plaintiff at the deposition. Despite indicating that Plaintiff had knowledge of the deposition, this shows Plaintiff actively attempted to find replacement counsel. Plaintiff's attempt to secure counsel shows that his failure to provide discovery was likely not willful misconduct but rather an effort to preserve his case and ignorance regarding what was required of him. Plaintiff's multiple filings while proceeding pro se further support a lack of abandonment of Plaintiff's claims. Although his efforts do not demonstrate his lack of culpability, weighed with the other factors, Plaintiff's culpability is insufficient to warrant dismissal.

The fourth and fifth factors, notice of dismissal as a likely sanction and the efficacy of lesser sanctions, weigh against dismissal. Here, Plaintiff never received notice that noncompliance could result in dismissal, nor did Plaintiff "repeatedly and flagrantly disregard court orders to

---

[7] *Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1992).

provide discovery information."[8]  Dismissal and other sanctions are unwarranted because Plaintiff's level of noncompliance with discovery does not outweigh the judicial system's interest in adjudicating matters on their merits.[9]  Plaintiff's failure to provide discovery occurred when he was proceeding pro se.  Although pro se status does not relieve a plaintiff of the responsibility to adhere to court rules,[10] Plaintiff's prior deficiencies will likely be alleviated by his new counsel.  Nonetheless, the Court warns that future failure to provide discovery or other noncompliance by Plaintiff will result in sanctions.

**IT IS THEREFORE ORDERED** that Defendant's motion to dismiss (Doc. 45) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 18th day of February, 2020.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[8] *See Am. Power Chassis, Inc. v. Jones*, 2018 WL 4409434, *9 (D. Kan. 2018) (granting motion for default judgment where the defendant repeatedly failed to comply with discovery requests and discovery orders resulting in a four-year delay in discovery).

[9] *Ehrenhaus*, 965 F.2d at 920–21 (10th Cir. 1992).

[10] *Ogden*, 32 F.3d 452 at 455 (10th Cir. 1992).