# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

NATHAN MANLEY,                          )
                                        )
                        Plaintiff,      )
                                        )
v.                                      )
                                        )        Case No: 18-cv-1220-EFM-TJJ
                                        )
BRIAN BELLENDIR, et al.,                )
                                        )
                        Defendants.     )

## MEMORANDUM AND ORDER

On May 27, 2020, the Court conducted a telephone status conference with the parties regarding Plaintiff's Motion for Protective Order to Stay Face-to-Face Depositions During the COVID-19 Pandemic, or in the Alternative, Motion for Order for Remote Appearance.[1] Plaintiff's deposition is scheduled for May 28, 2020 in person in Overland Park, Kansas.[2] Plaintiff filed his motion for protective order on May 26, 2020, seeking an order either postponing his deposition at least 60 days to a time "when it is mutually convenient and when all parties can be safely present in the same room,"[3] or alternatively, requiring that the deposition be conducted by video. Defendant opposes both requests. For the reasons discussed below, the Court grants Plaintiff's motion for protective order in part, only insofar as Defendant Sheriff

---

[1] ECF No. 82.

[2] *See*, ECF No. 78. Plaintiff's deposition was originally scheduled to take place at defense counsel's office in Great Bend, Kansas. Defense counsel agreed to move the deposition to Overland Park at the court reporter's office, closer to where Plaintiff's counsel works and resides, because of concerns expressed by Plaintiff's counsel regarding the COVID-19 pandemic. Per counsel, Plaintiff resides in Salina, Kansas, and would therefore have to travel to his deposition regardless of whether it takes place in Overland Park or Great Bend.

[3] ECF No. 82 at 4. Because of the very brief time between the filing of Plaintiff's motion and the scheduled deposition of Plaintiff, the Court granted Defendant's request for a phone conference rather than await a written response by Defendant to the motion.

Bellendir ("Bellendir") shall not attend Plaintiff's deposition in person. Otherwise, the motion is denied.

In his motion, Plaintiff states he is uncomfortable with Bellendir being present because of Bellendir's status as a first responder, which puts Bellendir at higher risk of contracting the virus.[4] Plaintiff suggests that Bellendir attend Plaintiff's deposition via video or telephone rather than in person, to address Plaintiff's concerns over the risks that he or his counsel may contract the virus from Bellendir. In addition to his concerns regarding Bellendir, Plaintiff expresses concerns generally about attending his deposition in person, in the presence of Defendant's counsel, a court reporter, and Plaintiff's counsel, during the current COVID-19 pandemic. He suggests that he might feel safe having his deposition taken in person at a later date, perhaps 60 days or so from now. Plaintiff's counsel also alludes to a health condition she may have that might put her at higher risk of contracting the virus.

Defendant opposes the suggestion that Bellendir attend Plaintiff's deposition via video or telephone.[5] Defendant indicates that Bellendir tested negative for COVID-19 on May 26, 2020. Additionally, Defendant states sufficient precautions would be in place for an in-person deposition, including that all people present would be wearing masks, gloves, and any other necessary personal protective equipment ("PPE"), and that Plaintiff's deposition would take place in a conference room with sufficient space for participants to practice social distancing. Defendant also contends it is important that Plaintiff appear in person for his deposition so that Defendant can keep Plaintiff focused, which Defendant claims is difficult to do because of Plaintiff's history of substance abuse.

---

[4] ECF No. 82 at 2.

[5] *Id.*

Federal Rule of Civil Procedure 26(c) states the court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. "The court has broad discretion to decide when a protective order is appropriate and what degree of protection is required."[6] Federal Rule of Civil Procedure 30(b)(4) provides that the parties may stipulate, or the court may order, that a deposition be taken by telephone or other remote means. But, Rule 30(b)(4) is permissive, not mandatory, and the Court must exercise its discretion in determining whether the moving party has shown good cause for issuance of a protective order requiring that a deposition be taken remotely.

The Court discussed with counsel various factors it would weigh in determining whether, and if so under what conditions, Plaintiff's remote deposition might be required, and also directed counsel to two District of Kansas cases: *Shockey v. Huhtamaki, Inc.*, 280 F.R.D. 598 (D. Kan. 2012), and *Clayton v. Velociti, Inc.*, No. 08–2298–CM/GLR, 2009 WL 1033738 (D. Kan. Apr. 17, 2009). Although both cases involved FLSA claims very different from the claims at issue here, they are instructive regarding the factors the Court will consider in determining whether to require remote rather than in person depositions. In *Shockey*, the Court specifically noted the "commonplace usage and advances in videoconferencing capabilities," which allowed for a low-cost solution to conducting out-of-state opt-in plaintiffs' depositions.[7] In that case, the court granted the plaintiffs' request for protective order requiring their depositions be taken via video after weighing the relatively high costs of plaintiffs' travel costs to Kansas versus each plaintiff's relatively small claim in the case for unpaid overtime. However, the court also noted that "remote depositions are most often used for relatively brief examinations that do not involve

---

[6] *Shockey v. Huhtamaki, Inc.*, 280 F.R.D. 598, 600 (D. Kan. 2012).

[7] *Id.* at 602–03.

numerous documents."[8] And, both *Shockey* and *Clayton* note the traditional general rule that a plaintiff may be required to make him or herself available for examination in the district in which he or she brought the suit.[9]

The Court notes that over the years since *Shockey* was decided, videoconferencing capabilities have improved dramatically. The popularity and use of videoconferencing platforms have increased significantly and are likely to continue to expand even more rapidly in light of the COVID-19 pandemic. The Court is also aware of and sympathetic to concerns regarding the COVID-19 pandemic and takes judicial notice of the rapid spread of the Coronavirus as well as the stay-at-home orders that have been in effect, and in some instances are still in effect, in Kansas and many other locations around the world. It is against this backdrop that the Court must consider the specific facts and issues here.

In this case, the basis for Plaintiff's motion for protective order is concerns over the risk of contracting the virus associated with COVID-19 if Plaintiff's deposition occurs in person, not the costs associated with travel and attending the deposition in person. In determining whether Plaintiff has shown good cause for the protective order sought, the Court must therefore weigh the risks Plaintiff identifies in his motion against the precautions Defendant proposes and Defendant's asserted need to take Plaintiff's deposition in person.

Plaintiff does not contend he has any medical condition that would place him at heightened risk of contracting the virus, or that the precautions Defendant describes for the taking of Plaintiff's deposition would be inadequate to protect Plaintiff. His motion is not supported by affidavit(s) and, aside from his concerns regarding the presence of Bellendir at the

---

[8] *Id.* at 602 (citing Manual for Complex Litigation (Fourth) § 11.452 (2004)).

[9] *Id.* at 600 (citing *Clayton v. Velociti, Inc.*, No. 08–2298–CM/GLR, 2009 WL 1033738, at *2 (D. Kan. Apr. 17, 2009)).

deposition, is based merely upon very general concerns regarding COVID-19.[10] As for Plaintiff's specific concerns regarding Bellendir, Defendant had him tested the day before the hearing and he tested negative for the virus. Additionally, Plaintiff cites no legal authority to support his request for the relief requested.

Defendant, on the other hand, outlines significant precautions that will be taken at Plaintiff's deposition, including social distancing and that all in attendance at the deposition will wear full PPE, including gloves and masks. It is also significant that the deposition at issue here is that of a party, and specifically of Plaintiff. Moreover, unlike the plaintiffs in *Shockey*, Plaintiff in this case seeks significant damages against Defendant, and Defendant contends that due to Plaintiff's past substance abuse, his in-person deposition is necessary to keep Plaintiff focused and efficiently conduct the deposition. Thus, Defendant has a legitimate interest in taking Plaintiff's deposition in person rather than remotely.

Plaintiff acknowledges that he agreed in March upon the date for his deposition, and he didn't raise concerns about the deposition being conducted in person *until he was told on May 25, 2020 that Bellendir would be present*.[11] In the intervening approximately two months, the COVID-19 pandemic was raging in Kansas and worldwide, yet Plaintiff did not object during that time to his deposition being taken in person. Thus, the Court is persuaded that the real crux of Plaintiff's concerns is not so much the risk of appearing in person for his deposition but rather the presence of Bellendir at the deposition, a concern which the Court can and will address,

---

[10] Plaintiff's counsel did indicate during the hearing that she has some personal health issues that might place her at higher risk for contracting the virus. The Court does not intend to minimize counsel's concerns. Rather, the Court simply does not have sufficient information regarding those concerns upon which to base its ruling on the motion.

[11] ECF No. 82 at 1.

*infra*, without any need for postponing Plaintiff's deposition or requiring that it be taken by video.

The Court finds that Plaintiff has failed to show good cause for entry of a protective order postponing his deposition at least 60 days or requiring that the deposition be conducted by video. Specifically, Defendant's need and ability to safely depose Plaintiff in person with the precautions outlined by Defendant outweighs Plaintiff's general concerns regarding COVID-19. The Court is persuaded that the safety precautions Defendant has arranged, combined with the protective order the Court will grant in the following paragraph with respect to Bellendir, are sufficient and adequate for Plaintiff's in-person deposition to safely proceed. Therefore, because Plaintiff has failed to show good cause, the Court denies the motion as it relates to postponing Plaintiff's deposition or ordering his deposition to be conducted by video.

However, the Court grants the motion insofar as Bellendir shall not be physically present for Plaintiff's deposition but rather may participate by phone or video. Even though Bellendir recently tested negative for the virus, requiring that he only attend the deposition remotely should alleviate any concerns Plaintiff may have with Bellendir having a higher risk of contracting the virus and will eliminate one person from the conference room, giving attendees more room to perform social distancing. The Court also notes that Bellendir can attend Plaintiff's deposition remotely via whatever technological means Defendant chooses, and defense counsel can take breaks in the deposition as necessary to allow Bellendir to effectively communicate with counsel and have input regarding the deposition questioning of Plaintiff. Therefore, the Court exercises its discretion under Fed. R. Civ. P. 26(c) to issue an order to protect Plaintiff from any potential undue burden of having Bellendir physically present.

Alternatively, the parties may mutually agree to reschedule Plaintiff's deposition. Barring any such agreement, Plaintiff's deposition shall take place on May 28, 2020, as noticed by Defendant, with Bellendir participating remotely.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Protective Order to Stay Face-to-Face Depositions During the COVID-19 Pandemic, or in the Alternative, Motion for Order for Remote Appearance (ECF No. 82) is granted in part and denied in part as set forth above.

**IT IS SO ORDERED.**

Dated May 28, 2020, at Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge